# EXHIBIT A

**DISANDRO & MALLOY, P.C.**
**By: Kevin M. Malloy, Esquire**
**Identification No. 55856**
**1760 Market Street, Suite 1201**
**Philadelphia, Pennsylvania 19103**
**(215) 587-9900**

**ATTORNEY FOR PLAINTIFF**

Filed and Attested by the
Office of Judicial Records
18 JUN 2026 07:20 pm
B. BALILONIS

| | |
|---|---|
| GILDA E. SELDON, Administratrix of the Estate of Bernard D. Seldon, Deceased, and in her own right<br>1600 E. Cliveden St.<br>Philadelphia, PA 19150<br><br>vs.<br><br>THE HOME DEPOT, INC.<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339<br>and<br>**(caption continued on following page)** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JUNE TERM, 2026<br><br>NO. |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11th floor
Philadelphia, PA 19107
Telephone: 215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaciòn. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomarà medidas y puede continuar la demanda en contra suya sin previo aviso o notificaciòn. Ademàs, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11th floor
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-6333

**(caption continued from previous page)**
HOME DEPOT U.S.A., INC.
2455 Paces Ferry Rd. SE
Atlanta, GA 30339-1834
and
HD SUPPLY, INC.
3400 Cumberland Blvd. SE
Atlanta, GA 30339-4435
and
HOME DEPOT STORE SUPPORT, LLC
2455 Paces Ferry Rd. SE
Atlanta, GA 30339-1834
and
HOME DEPOT MANAGEMENT
COMPANY, LLC
2455 Paces Ferry Rd. SE, Bldg C-20
Atlanta, GA 30339-6444
and
CHELTENHAM HOME DEPOT
7690 Washington Lane
Wyncote, PA 19095
and
THE HOME DEPOT CHELTENHAM #4109
7690 Washington Lane
Wyncote, PA 19095
and
ABC COMPANY DOE 1
Unknown Business Entity Identified by a
Fictitious Name Which Was Responsible for
Maintaining the Shelves at the at the Home
Depot Store at 7690 Washington Lane in
Wyncote, PA on June 21, 2024
and
ABC COMPANY DOE 2
Unknown Business Entity Identified by a
Fictitious Name Which Was Responsible for
Repairing the Shelves at the at the Home
Depot Store at 7690 Washington Lane in
Wyncote, PA on June 21, 2024
and
**(caption continued on following page)**

**(caption continued from previous page)**
ABC COMPANY DOE 3
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Maintaining the End Caps at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
ABC COMPANY DOE 4
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Repairing the End Caps at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
JOHN DOE 1
Unknown Individual Who was the Store Manager at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
JOHN DOE 2
Unknown Individual Who is the Representative of the Estate of John Doe 1, Should John Doe 1 Be Deceased

**DISANDRO & MALLOY, P.C.**
**By: Kevin M. Malloy, Esquire**
**Identification No. 55856**
**1760 Market Street, Suite 1201**
**Philadelphia, Pennsylvania 19103**
**(215) 587-9900**

**ATTORNEY FOR PLAINTIFF**

Filed and Attested by the
Office of Judicial Records
18 JUN 2026 07:20 pm
B. BALILONIS

| | |
|---|---|
| GILDA E. SELDON, Administratrix of the Estate of Bernard D. Seldon, Deceased, and in her own right<br>1600 E. Cliveden St.<br>Philadelphia, PA 19150<br><br>vs.<br><br>THE HOME DEPOT, INC.<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339<br>and<br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339-1834<br>and<br>HD SUPPLY, INC.<br>3400 Cumberland Blvd. SE<br>Atlanta, GA 30339-4435<br>and<br>HOME DEPOT STORE SUPPORT, LLC<br>2455 Paces Ferry Rd. SE<br>Atlanta, GA 30339-1834<br>and<br>HOME DEPOT MANAGEMENT COMPANY, LLC<br>2455 Paces Ferry Rd. SE, Bldg C-20<br>Atlanta, GA 30339-6444<br>and<br>CHELTENHAM HOME DEPOT<br>7690 Washington Lane<br>Wyncote, PA 19095<br>and<br>THE HOME DEPOT CHELTENHAM #4109<br>7690 Washington Lane<br>Wyncote, PA 19095<br>and | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JUNE TERM, 2026<br><br>NO. |

ABC COMPANY DOE 1
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Maintaining the Shelves at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
ABC COMPANY DOE 2
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Repairing the Shelves at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
ABC COMPANY DOE 3
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Maintaining the End Caps at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
ABC COMPANY DOE 4
Unknown Business Entity Identified by a Fictitious Name Which Was Responsible for Repairing the End Caps at the at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
JOHN DOE 1
Unknown Individual Who was the Store Manager at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024
and
JOHN DOE 2
Unknown Individual Who is the Representative of the Estate of John Doe 1, Should John Doe 1 Be Deceased

**CIVIL ACTION**

1. Plaintiff, Gilda E. Seldon, is an individual who resides at 1600 E. Cliveden Street, Philadelphia, Pennsylvania 19150.

2. Plaintiff's decedent, Bernard D. Seldon, was an individual who resided at 1600 E. Cliveden Street, Philadelphia, Pennsylvania 19150, and who died on June 1, 2026.

3. Plaintiff, Gilda E. Seldon, was duly appointed Administratrix of the Estate of Bernard D. Seldon by the Register of Wills of Philadelphia, Pennsylvania on June 17, 2026, and brings this action by virtue of 42 Pa. C.S.A. §8301 and 8302, and Pa. R.C.P. 2202(a).

4. Defendant, The Home Depot, Inc., is a Delaware Corporation with a principal place of business located at 2455 Paces Ferry Road, SE, Atlanta, Georgia, 30339, said corporation regularly conducting business in the City and County of Philadelphia.

5. Defendant, Home Depot U.S.A., Inc., is a Delaware Corporation with a principal place of business located at 2455 Paces Ferry Road, SE, Atlanta, Georgia 30339-1834, said corporation regularly conducting business in the City and County of Philadelphia.

6. Defendant, HD Supply, Inc., is a Delaware Corporation with a principal place of business located at 3400 Cumberland Boulevard, SE, Atlanta, Georgia 30339-4435, said corporation regularly conducting business in the City and County of Philadelphia.

7. Defendant, Home Depot Store Support, LLC, is a Delaware Limited Liability Company with a principal place of business located at 2455 Paces Ferry Road, SE, Atlanta, Georgia, 30339-1834, said company regularly conducting business in the City and County of Philadelphia.

8. Defendant, Home Depot Management Company, LLC, is a Delaware Limited Liability Company with a principal place of business located at 2455 Paces Ferry Road, SE, Building C-20, Atlanta, Georgia, 30339-6444, said company regularly conducting business in the City and County of Philadelphia.

9. Defendant, Cheltenham Home Depot, is a Pennsylvania business entity located at 7690 Washington Lane, Wyncote, PA 19095, said entity regularly conducting business in the City and County of Philadelphia.

10. Defendant, The Home Depot Cheltenham #4109, is a Pennsylvania business entity located at 7690 Washington Lane, Wyncote, PA 19095, said entity regularly conducting business in the City and County of Philadelphia.

11. Defendant, ABC Company Doe 1, is an unknown business entity identified by a fictitious name, whose identity plaintiff has been unable to determine after conducting a reasonable search, which was responsible for maintaining the shelves at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024.

12. Defendant, ABC Company Doe 2, is an unknown business entity identified by a fictitious name, whose identity plaintiff has been unable to determine after conducting a reasonable search, which was responsible for repairing the shelves at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024.

13. Defendant, ABC Company Doe 3, is an unknown business entity identified by a fictitious name, whose identity plaintiff has been unable to determine after conducting a reasonable search, which was responsible for maintaining the end caps at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024.

14. Defendant, ABC Company Doe 4, is an unknown business entity identified by a fictitious name, whose identity plaintiff has been unable to determine after conducting a reasonable search, which was responsible for repairing the end caps at the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024.

15. Defendant, John Doe 1, is an unknown individual identified by a fictitious name, whose identity plaintiff has been unable to identify after conducting a reasonable search, who was the store manager for the Home Depot Store at 7690 Washington Lane in Wyncote, PA on June 21, 2024.

16. Defendant, John Doe 2, is an unknown individual identified by a fictitious name, whose identity plaintiff has been unable to identify after conducting a reasonable search, who is the representative of the Estate of John Doe 1, should John Doe 1 be deceased.

17. On or about June 21, 2024, and at all times material hereto, defendants, The Home Depot, Inc. and/or Home Depot U.S.A., Inc. and/or HD Supply, Inc. and/or Home Depot Store Support, LLC and/or Home Depot Management Company, LLC and/or Cheltenham Home Depot and/or The Home Depot Cheltenham #4109 and/or ABC Company Doe 1 and/or ABC Company Doe 2 and/or ABC Company Doe 3 and/or ABC Company Doe 4 and/or John Doe 1, owned, operated, occupied, leased, controlled and/or maintained the building and property located at 7690 Washington Lane, Wyncote, Pennsylvania 19095.

18. On or about June 21, 2024, and at all times material hereto, defendants, The Home Depot, Inc. and/or Home Depot U.S.A., Inc. and/or HD Supply, Inc. and/or Home Depot Store Support, LLC and/or Home Depot Management Company, LLC and/or Cheltenham Home Depot and/or The Home Depot Cheltenham #4109 and/or ABC Company Doe 1 and/or ABC Company Doe 2 and/or ABC Company Doe 3 and/or ABC Company Doe 4 and/or John Doe 1, through their agents, servants, workmen and/or employees, had under their care, supervision and direction, control, custody and maintenance of the aforementioned premises, and said defendants were under a joint and individual duty to maintain the said premises in a safe condition for persons lawfully thereon.

19. Notwithstanding its duty, defendants, The Home Depot, Inc. and/or Home Depot U.S.A., Inc. and/or HD Supply, Inc. and/or Home Depot Store Support, LLC and/or Home Depot Management Company, LLC and/or Cheltenham Home Depot and/or The Home Depot Cheltenham #4109 and/or ABC Company Doe 1 and/or ABC Company Doe 2 and/or ABC Company Doe 3 and/or ABC Company Doe 4 and/or John Doe 1, by their agents, servants, workmen and/or employees, did on the date aforesaid and for some time prior thereto carelessly and negligently keep and maintain the aforesaid premises which were caused, permitted and allowed to become and remain in a highly dangerous and defective condition, to wit: broken/bent/protruding shelf/end cap, and other dangerous conditions, all of which created a highly dangerous and defective condition for the decedent, Bernard D. Seldon, who was a business invitee, and other pedestrians proceeding thereon.

20. On or about the aforesaid date, while the decedent was on the aforesaid premises, he was caused to trip and fall as a result of coming into contact with the aforementioned dangerous condition of said business establishment, causing him to sustain personal injuries hereinafter more specifically set forth.

21. Plaintiff avers that defendants, The Home Depot, Inc. and/or Home Depot U.S.A., Inc. and/or HD Supply, Inc. and/or Home Depot Store Support, LLC and/or Home Depot Management Company, LLC and/or Cheltenham Home Depot and/or The Home Depot Cheltenham #4109 and/or ABC Company Doe 1 and/or ABC Company Doe 2 and/or ABC Company Doe 3 and/or ABC Company Doe 4 and/or John Doe 1, by their agents, servants, workmen and/or employees, had or should have had notice of the existence of said defective condition above mentioned prior to the happening of said accident.

22. At the time and place aforesaid, the carelessness, recklessness and negligence of the defendants, consisted of the following:

(a) Failing to properly maintain the said premises, shelves, and end caps;

(b) Failing to have the said premises, shelves, and end caps inspected at reasonable intervals;

(c) Failing to clean said premises, shelves, and end caps at reasonable intervals;

(d) Failing to give proper and sufficient warnings to decedent of the highly dangerous condition of said premises;

(e) Disregarding the rights and safety of the decedent and other persons lawfully on the defendants' premises;

(e) Allowing the premises to remain in a dangerous and unsafe condition;

(f) Failing to use reasonable prudence and care to keep the premises, shelves, and end caps in a safe condition;

(g) Negligently not having appropriate warning cues in an area of a broken/bent/protruding shelf/end cap making it extremely difficult for customers to see;

(h) Negligently having a broken/bent/protruding shelf/end cap in an area of high customer traffic;

(i) Negligently constructing a shelf/end cap, causing metal to protrude out into customer walkway areas;

(j) Negligent placement of a shelf/end cap;

(k) Failing to properly demarcate an area frequented by business invitees; and

(l) Failing to properly maintain and/or repair the broken/bent/protruding shelf/end cap, which was a tripping hazard for customers;

(m) Being otherwise negligent under the circumstances; and

(n) Any other acts or omissions which constitute negligence, carelessness, and/or reckless indifference for the safety of the decedent and that are discovered in the discovery process as promulgated by the Pennsylvania Rules of Civil Procedure or at trial of this case.

23. As manager of the store, defendant, John Doe 1, an agent, servant, workman and/or employee of all of the Home Depot entities previously mentioned, was the one specifically responsible not only for shelf and end cap management and repair, but for also ensuring that bent/broken/protruding shelves and end caps were not permitted to remain on the store floor area so as not to cause a hazard to customers.

24. Upon information and belief, Home Depot store managers, particularly John Doe 1, undergo a hands on program, that covers all aspects of store leadership, including but not limited to merchandising and inventory management.

25. Upon information and belief, all of the Home Depot entities previously mentioned, utilize specific guidelines for store managers to follow for shelves and/or end caps to ensure that they meet corporate standards for marketing and safety.

26. Home Depot store managers are the ones specifically designated to be responsible for final placement of shelves and/or end caps to optimize sales yet adhere to safety regulations.

27. Home Depot store managers are specifically trained using planograms (visual merchandising layouts) that dictate where shelves and/or end caps are positioned in the store.

28. The Home Depot store manager in this case, John Doe 1, had the exclusive and sole discretion, control and responsibility to dictate where shelves and/or end caps were placed within the store and under what circumstances broken/bent/protruding shelves and/or end caps should be removed from the store floor.

29. John Doe 1, as store manager, was specifically trained on shelf and end cap placement and also on the dangers broken/bent/protruding shelves and/or end caps on the store floor could pose to customers and other business invitees in the store.

30. As a direct result of the defendants' carelessness, recklessness and negligence as aforesaid, decedent, Bernard D. Seldon, sustained severe internal and external injuries in and about the head, body and limbs, including but not limited to: Left greater trochanteric pain, left knee pain with sprain/strain, left hip sprain/strain, back muscle spasm, left knee joint osteoarthritis, lumbar back pain, lumbar spine and disc injuries, lumbar stenosis, aggravation of pre-existing conditions, and a severe shock to his nervous system, all of which caused him great pain and agony, and prevented him from attending to his daily duties and occupation, all to his great financial damage and loss.

31. Further, by reason of the aforesaid, decedent, Bernard D. Seldon, was obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure himself of his said injuries, all to his great financial damage and loss.

32. As a further result of the accident and the injuries sustained therein, decedent, Bernard D. Seldon, suffered a loss of earnings and impairment of earning capacity and power, all of which was to his great financial damage and loss.

33. Plaintiff, Gilda E. Seldon, avers that decedent Bernard D. Seldon's injuries and damages were caused solely by the negligence of the defendants as hereinbefore set forth.

WHEREFORE, plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, deceased, demands judgment against the defendants, The Home Depot, Inc. and Home Depot U.S.A., Inc. and HD Supply, Inc. and Home Depot Store Support, LLC and Home Depot Management Company, LLC and Cheltenham Home Depot and The Home Depot Cheltenham

#4109 and ABC Company Doe 1 and ABC Company Doe 2 and ABC Company Doe 3 and ABC Company Doe 4 and John Doe 1 and John Doe 2, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT TWO – LOSS OF CONSORTIUM**

34. Plaintiff, Gilda E. Seldon, was the wife of decedent, Bernard D. Seldon, and resided with him at 1600 E. Cliveden Street, Philadelphia, PA 19150.

35. Plaintiff, Gilda E. Seldon, incorporates herein by reference the averments contained in paragraphs 1 through 33, inclusive, as fully as though the same were herein set forth at length.

36. As a direct result of the defendants' carelessness, recklessness and negligence as aforesaid, plaintiff, Gilda Seldon, was, for a period of time, deprived of the society, assistance and support of her husband, decedent, Bernard D. Seldon, all of which has been to her great financial, physical, psychological and emotional damage and loss.

WHEREFORE, plaintiff, Gilda E. Seldon, in her own right, demands judgment against the defendants, The Home Depot, Inc. and Home Depot U.S.A., Inc. and HD Supply, Inc. and Home Depot Store Support, LLC and Home Depot Management Company, LLC and Cheltenham Home Depot and The Home Depot Cheltenham #4109 and ABC Company Doe 1 and ABC Company Doe 2 and ABC Company Doe 3 and ABC Company Doe 4 and John Doe 1 and John Doe 2, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT THREE – WRONGFUL DEATH**

37. Plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, incorporates herein by reference the averments contained in paragraphs 1 through 36, inclusive, as fully as though the same were herein set forth at length.

38. As a direct result of the defendants' carelessness, recklessness and negligence as aforesaid, decedent, Bernard D. Seldon, sustained severe internal and external injuries in and about the head, body and limbs, including but not limited to: Left greater trochanteric pain, left knee pain with sprain/strain, left hip sprain/strain, back muscle spasm, left knee joint osteoarthritis, aggravation of pre-existing conditions, lumbar back pain, lumbar spine and disc injuries, lumbar stenosis, aggravation of pre-existing conditions, and a severe shock to his nervous system, all of which caused the decedent to suffer great pain and agony, and ultimately resulting in his death.

39. Plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, brings this action under and by virtue of 42 Pa. C.S. §8301, commonly known as the Pennsylvania Wrongful Death Act against defendants for wrongful death and claims all benefits of the Wrongful Death Act or law governing wrongful death actions.

40. The decedent left surviving him the following persons entitled to recover damages for his death, on whose behalf this action is brought:

(a) Gilda E. Seldon, 1600 E. Cliveden Street, Philadelphia, Pennsylvania 19150 - wife; and

(b) Andre Fleming, 1609 Eastern Avenue, Capital Heights, Maryland 20743 – son.

42. As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries suffered and are suffering for an indefinite period of time in the future damages, injuries and losses, including, but not limited to, a loss of financial support and the beneficiaries have been wrongfully deprived of the contributions they would have received from decedent, Bernard D. Seldon.

42. As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries have been, continue to be and will be in the future wrongfully deprived of large and various sums of money which decedent would have contributed to their support.

43. As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries incurred or have been caused to incur various funeral, burial, estate and administrative expenses.

44. As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries have been, continue to be and will be in the future wrongfully deprived of the services, society and comfort which decedent would have provided including work around the home, physical comfort and services.

45. Plaintiff, on behalf of all persons entitled to recover under law, claims all medical, funeral, burial, and estate administration expenses, the loss of services, society, and comfort due to the death of Bernard D. Seldon, all pecuniary loss suffered by decedent's next of kin, statutory beneficiaries by reason of death of Bernard D. Seldon and all other damages recoverable under applicable law.

46. Decedent did not bring an action for his personal injuries during his lifetime and no other action for the death of the decedent has been commenced against these defendants.

WHEREFORE, plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, deceased, demands judgment against the defendants, The Home Depot, Inc. and Home Depot U.S.A., Inc. and HD Supply, Inc. and Home Depot Store Support, LLC and Home Depot Management Company, LLC and Cheltenham Home Depot and The Home Depot Cheltenham #4109 and ABC Company Doe 1 and ABC Company Doe 2 and ABC Company Doe 3 and ABC

Company Doe 4 and John Doe 1 and John Doe 2, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT FOUR – SURVIVAL ACTION**

47. Plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, incorporates herein by reference the averments contained in paragraphs 1 through 46 inclusive, as fully as though same were herein set forth at length.

48. Plaintiff, Gilda E. Seldon, as Administratrix of the Estate of plaintiff's decedent brings this action on behalf of the Estate of Bernard D. Seldon, under and by virtue of the laws of the Commonwealth, Probate, Estates and Fiduciary Code, 20 Pa.C.S.A. §3373 and 42 Pa. C.S. §8302, commonly known as the Pennsylvania Survival Act, and claims all benefits of the survival act or law governing the survival of actions.

49. As a direct and proximate result of the foregoing, plaintiff's decedent, Bernard D. Seldon, has been wrongfully deprived of earnings and the right to earn a living.

50. Plaintiff, on behalf of the Estate of Bernard D. Seldon, claims all damages suffered by the Estate by reason of the death of Bernard D. Seldon, including without limiting the generality of the foregoing, damages for the anxiety, fear, serious injuries, the great and unspeakable conscious pain and suffering, both physical and emotional, and all other intangible losses which Bernard D. Seldon underwent prior to his death; the loss of life and the loss of life's pleasures, the loss of future earning capacity suffered by Bernard D. Seldon from the date of his death until such time in the future that he would have lived had he not died as a result of the injuries he sustained; and the total limitation and deprivation of his normal activities, pursuits, and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of

the injuries sustained by reason of the negligence, carelessness, recklessness, gross negligence and other liability producing conduct of the defendants.

51. Plaintiff also claims on behalf of decedent's estate the psychic value of the expectancy and enjoyment of life of the decedent which was cut short by the reason of the negligence, carelessness and liability producing conduct of the defendants herein previously set forth.

WHEREFORE, plaintiff, Gilda E. Seldon, Administratrix of the Estate of Bernard D. Seldon, deceased, demands judgment against the defendants, The Home Depot, Inc. and Home Depot U.S.A., Inc. and HD Supply, Inc. and Home Depot Store Support, LLC and Home Depot Management Company, LLC and Cheltenham Home Depot and The Home Depot Cheltenham #4109 and ABC Company Doe 1 and ABC Company Doe 2 and ABC Company Doe 3 and ABC Company Doe 4 and John Doe 1 and John Doe 2, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

DISANDRO & MALLOY, P.C.

BY: Kevin M. Malloy
KEVIN M. MALLOY, ESQUIRE
ATTORNEY FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
18 JUN 2026 07:40 pm
B. BALILONIS

**VERIFICATION**

I, Gilda E. Seldon, make this verification subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities. The attached pleading is based upon information which has been furnished to counsel and information which has been gathered by counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and the factual averments therein are true and correct, upon information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in making this verification.

GILDA E. SELDON, Executrix of the
Estate of BERNARD D. SELDON, deceased

Dated: Jun 18, 2026